NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3214

JOHN G. CAMPBELL,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

———————————————

DECIDED: November 13, 2006

———————————————

Before DYK and PROST, Circuit Judges, and McKINNEY, Chief Judge[*].

PER CURIAM.

Petitioner John G. Campbell ("Campbell") petitions for review of the final order of

the Merit Systems Protection Board ("Board"), dismissing Campbell's appeal from his

removal as a letter carrier for the United States Postal Service ("USPS") as untimely.

We affirm.

BACKGROUND

Campbell began working as a carrier technician with the USPS in 1983.  Due to

attendance problems, the USPS and Campbell entered into a "Last Chance Agreement"

on January 9, 2004, which instituted a one-year probation period for attendance and

provided for removal in the event of any absence without leave ("AWOL"), more than

---

[*]     Honorable Larry J. McKinney, Chief Judge of the United States District
Court for the Southern District of Indiana, sitting by designation.

five unscheduled (i.e. not approved in advance) absences, or any absence without acceptable documentation. On May 24, 2004, the USPS issued Campbell a Notice of Proposed Removal for violating the Last Chance Agreement. On June 10, 2004, in response to this notice, the USPS and Campbell entered into a Second Last Chance Agreement with the same pertinent provisions as the original one.

The USPS issued yet another Notice of Proposed Adverse Action—Removal on February 3, 2005, because Campbell had seven unscheduled absences, including six AWOLs, since the Second Last Chance Agreement was signed. After considering Campbell's response, on March 8 the USPS issued a Letter of Decision removing Campbell from his position effective April 8. Campbell was required to file any appeal to the Board within 30 days of the effective date of his removal or 30 days after he received notice of the USPS's action, whichever was later. 5 C.F.R. § 1201.22(b)(1) (2006). The Letter of Decision also noted that if Campbell and the USPS "mutually agree[d] in writing to attempt to resolve this matter through an alternative dispute resolution process" he would have 60 days after the effective date of his removal to file his appeal. On April 9 Campbell wrote to the USPS requesting that they enter into an alternative dispute resolution process.[1] The USPS responded on April 28, stating that "it is the Agency's decision to not mutually agree to enter into the alternative dispute resolution process" and that Campbell "should therefore follow any of the appeal rights outlined in the Notice of Proposed Removal and Letter of Decision."

---

[1] Although there was some confusion as to when Campbell received the Letter of Decision, the Board concluded that Campbell clearly had notice of his removal

On June 8, 2005, Campbell filed his appeal with the MSPB. In response to the USPS's motion to dismiss, the Administrative Judge ("AJ") ordered Campbell to show cause why his appeal should not be dismissed for untimeliness. On August 9, after considering Campbell's response, the AJ entered his initial decision dismissing the appeal as untimely. Given the April 8 effective date of Campbell's removal (and his receipt of the notice on or before the effective date), the AJ concluded that the deadline for filing an appeal was May 9, 2005, and that the June 8 appeal was untimely by 30 days. The AJ also rejected Campbell's argument that he had shown good cause for filing late, concluding that the Letter of Decision and the USPS's April 28 letter gave him clear notice of the 30 day deadline. Even if Campbell himself believed he had 60 days from the effective date of his removal, his appeal was filed 61 days after his removal under the regulation.

On October 28, 2005, the Board denied Campbell's petition for review, and the AJ's initial decision became the final decision of the Board. Campbell timely filed his appeal to this court on July 19, 2006. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

This court may only set aside a decision of the Board if it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). Under the Board's regulations, a petition for appeal from an adverse action must be filed within the later of

on or before the effective date, as shown by his April 9 letter. This finding is supported

30 days of the effective date of the action or 30 days after the employee receives notice of the action. 5 C.F.R. § 1201.22(b)(1). An untimely appeal to the Board must be dismissed "unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). "The burden is on the petitioner to demonstrate excusable delay," which requires a showing of "diligence and ordinary prudence." Id.

There is no dispute that Campbell's appeal was not timely filed since Campbell received the notice on or before his removal date; the effective date of Campbell's removal was April 8; and his appeal was not filed until June 8. However, Campbell argued before the Board, and appears to argue on appeal, that there was good cause for excusing his untimeliness. Specifically, Campbell contends that he thought he had 60 days after the effective date in which to file his appeal because he had requested that the agency agree to enter alternative dispute resolution.

We conclude that the Board did not abuse its discretion in concluding that Campbell's confusion about the deadline did not establish the diligence required for good cause. The Letter of Decision clearly stated that the 60 day period was only applicable if Campbell and the USPS "mutually agree[d] in writing to attempt to resolve this matter through an alternative dispute resolution process." (emphasis added) Furthermore, the USPS's April 28 letter was explicit that the USPS did "not mutually

by substantial evidence.

06-3214                                            4

agree" to alternative dispute resolution, and it proceeded to advise Campbell to pursue the appeal rights noted in his Letter of Decision. Having concluded that the Board did not abuse its discretion in finding that Campbell did not act diligently because he had clear notice of the deadline, we need not consider the Board's alternative ground that Campbell was not diligent because his appeal was filed 61 days after the removal, rather than within the 60 days that he believed he had.

Campbell also appears to argue that the Board abused its discretion when it failed to consider his medical condition. See Petitioner's Informal Br. at 1. This court finds no abuse of discretion in the Board's conclusion that the record as a whole does not show good cause.

For the foregoing reasons, the Board's decision is affirmed.

COSTS

No costs.