**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARTIN A. ALLEN,<br>            Appellant, | DOCKET NUMBER<br>DC-0752-16-0256-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>            Agency. | DATE: October 5, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chuck Allen</u>, Dillwyn, Virginia, for the appellant.

<u>Jasmin A. Dabney</u>, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of a removal action as untimely filed without good cause shown.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 In a decision letter dated October 20, 2015, the agency informed the appellant that he would be removed from his Postmaster position effective October 30, 2015, and that he had a right to appeal that action to the Board within 30 calendar days after the date of receipt of the agency's decision. Initial Appeal File (IAF), Tab 1 at 11-12. The notice further stated that, if he and the agency "mutually agree in writing to attempt to resolve this matter through an alternative dispute resolution process prior to your filing" a Board appeal, the time limit for filing a Board appeal would be extended an additional 30 days. *Id.* at 12.

¶3 The appellant filed an appeal, which the Board's Washington Regional Office received on December 29, 2015. *Id.* at 3. In his appeal, he asserted that he received the agency's decision letter on October 21, 2015, but that the filing date for the appeal should have been extended by an additional 30 days based on his filing of a request for mediation with the agency on October 20, 2015. *Id.* at 2, 5. He set forth December 10, 2015, as the effective date of his removal and alleged that the agency provided an outdated address for the Board's Washington

Regional Office. *Id.* at 5, 13. He also alleged that the agency violated his right to due process by failing to honor a verbal agreement between his supervisors and himself. *Id.* at 5. He requested a hearing. *Id.* at 3.

¶4 In an acknowledgment order, the administrative judge informed the appellant that an extension of the filing date did not appear to be applicable because there was no indication in his appeal that he and the agency had agreed in writing to participate in mediation or any other alternative dispute resolution process. IAF, Tab 2 at 3. She ordered him to file argument and evidence to show that his appeal was timely filed or that good cause existed for the delay. *Id.* at 4.

¶5 In a January 12, 2016 erratum of the acknowledgment order, the administrative judge further directed the appellant to indicate when he mailed his Board appeal to the outdated address provided by the agency's decision, the date that the Postal Service returned the appeal to him, and the date that he re-mailed the appeal. IAF, Tab 4 at 2. Both the appellant and the agency responded to the administrative judge's orders on timeliness. IAF, Tabs 5, 8.

¶6 Without holding the requested hearing, the administrative judge issued an initial decision, finding that the appellant did not establish good cause for the filing delay and dismissing the appeal as untimely filed by approximately 30 days. IAF, Tab 10, Initial Decision (ID) at 1, 6. The administrative judge found that the appellant's removal was effective on October 30, 2015, and that the agency's decision letter informed him of the Board filing requirements and the effect that a mutual written agreement with the agency regarding an alternative dispute resolution had on the filing time limit. ID at 2, 4. She noted also that the decision informed the appellant that the agency had denied his prior request for mediation because "[his] case was deemed inappropriate for inclusion in the process as a result of [his] criminal activity." ID at 4 (quoting IAF, Tab 4 at 11).

¶7 Regarding the filing of the appeal, the administrative judge noted that the appellant's representative had provided an unsworn statement, asserting, inter

alia, that the appellant acted in "good faith and under the assumption that [his appeal] was timely and December 30, 2015 was the cutoff date." ID at 3 (quoting IAF, Tab 5 at 1). The administrative judge further noted that he asserted that an agency official had informed the appellant that the filing time limit for a Board appeal would be extended by filing a request for mediation, and he provided copies of emails that referenced the appellant's mediation request. ID at 3. However, the administrative judge found that the appellant never asserted that he filed his appeal within the regulatory 30-day period. ID at 5. She found that the appellant offered no reason as to why he did not follow the explicit and specific instructions in the agency's notice of appeal rights and file a timely appeal with the Board when he received no response to his mediation request. ID at 4. Thus, she concluded that, having been informed that a written mutual agreement was required for the extension, it was unreasonable for the appellant to assert that he believed that the filing of the subsequent mediation request unilaterally extended the Board's filing requirement. ID at 5.

¶8    Regarding the agency's notice of the location to file the Board appeal, the administrative judge noted that the address was outdated but that the appellant never asserted that he had timely mailed an appeal to the outdated address. ID at 5. Although he provided a copy of an envelope, which bore the former address and no postmark, she noted that the appellant offered no explanation or evidence regarding the envelope or why he waited at least 5 days to re-mail the appeal. *Id.* Thus, she found the appellant failed to meet his burden to demonstrate that he had acted with due diligence or ordinary prudence in filing a timely appeal. She did not address the appellant's due process claim regarding the alleged violation of a verbal agreement between him and his supervisors because of the dismissal. ID at 6.

¶9    The appellant has filed a timely petition for review, and the agency has filed a response to his petition. Petition for Review (PFR) File, Tabs 1, 3-5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶10     Generally, an appellant must file an appeal with the Board no later than 30 calendar days after the effective date of the contested action or 30 calendar days after the date of his receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). However, when an appellant and an agency mutually agree in writing to attempt to resolve their dispute through an alternative dispute resolution process prior to the timely filing of an appeal, the time limit for filing an appeal is extended by an additional 30 days—for a total of 60 days. *Id.* An appeal that is not filed within the applicable time limit will be dismissed as untimely unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine if an appellant has shown good cause, the Board considers the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The appellant has the burden of proof on the issue of timeliness, which he must establish by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶11     The appellant does not dispute the administrative judge's finding that his appeal was filed on December 26, 2015, about a month after the November 30, 2015 filing due date. PFR File, Tab 1; ID at 2. The Board has noted that a delay of this length is not minimal and does not weigh in favor of an appellant in demonstrating good cause for a filing delay. *See Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 11 (2014) (noting that a 14-day delay is not

minimal); *cf. Walls v. Merit Systems Protection Board*, [29 F.3d 1578](), 1582 (Fed. Cir. 1994) (holding that waiver of filing time limit was appropriate based on, among other considerations, the minimal nature of a 2-day filing delay).

¶12    Regarding the filing delay, the appellant does not identify any errors by the administrative judge in the initial decision.  Rather, he reasserts his allegation of lack of notice by the agency of the November 30, 2015 filing date.  *E.g.*, PFR File, Tab 4 at 4.  Specifically, he asserts that, after he received no agency response to his mediation request, an agency District Manager should have informed him that his Board appeal was due on November 30, 2015.  *E.g.*, *id.*; IAF, Tab 5 at 1.  He provides, however, no evidence and argument to support that the agency had such an obligation.  Moreover, he offers no reason for the Board to disturb the administrative judge's finding that the agency's decision letter specifically notified him of the filing time limit for the Board appeal and the effect of a mutual written agreement on that filing date.  ID at 4.

¶13    The appellant also asserts, as he did below, that he assumed that December 30, 2015, was the filing date in view of his filing a request to mediate, which a labor relations official stated he should file but for which no response was made to his request and his relative inquiries.  *E.g.*, PFR File, Tab 4 at 3; IAF, Tab 5 at 1.  However, he presents no new and material evidence that the filing of a request for mediation superseded the requirement of a mutual written agreement for an extension or that the lack of an agency response to his request and inquiries nullified the time limit for filing a Board appeal.  To the extent that the appellant argues that he was confused regarding the filing deadline, or that he was confused during the filing period by other time demands, such confusion does not establish good cause for an untimely filing when the notice of appeal rights clearly informed him of the filing deadline.  *See Campbell v. Merit Systems*

*Protection Board*, 208 F. App'x 866, 868 (Fed. Cir. 2006);[2] *Melendez v. Department of Homeland Security*, 112 M.S.P.R. 51, ¶ 14 (2009). Similarly, to the extent that he argues that he misinterpreted the filing instructions, we find this argument does not establish good cause to waive the filing requirement. *See Grigsby v. Department of the Army*, 1 M.S.P.R. 757, 758 (1980) (noting that the alleged misinterpretation by the appellant's representative of the Board's filing instructions did not constitute good cause to waive the filing time limit). Furthermore, the Board has declined to waive the filing requirement on the basis of the pursuit of a remedy in another forum. *Luellen v. U.S. Postal Service*, 88 M.S.P.R. 11, ¶ 10 (2001).

¶14        The appellant reasserts that the agency's notice of appeal rights did not contain the updated address for the filing of a Board appeal. *E.g.*, PFR File, Tab 4 at 4. The Board has found that an agency's incomplete notice of appeal rights is not necessarily the dispositive factor in its good cause determination, and the Board will consider the other circumstances to determine if, taken together, they justify waiving the filing time limit. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011). The appellant has not shown that the lack of the updated address contributed in a meaningful way to his untimely filing. He does not dispute the administrative judge's finding that he never asserted that he sent a timely appeal to the outdated address. He also identifies no other circumstances such as contacting or attempting to contact the Board during the filing period. As such, we find that the appellant's assertion regarding the agency's notice of an outdated address, standing alone, provides no basis for disturbing the outcome of the initial decision.

---

[2] Although *Campbell* is an unpublished decision, the Board may follow an unpublished Federal Circuit decision, if, as here, it finds it to be persuasive. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

¶15     Based on the foregoing analysis, we affirm the initial decision dismissing the appeal.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] In affirming the dismissal of the appeal as untimely filed, we also deny as moot the appellant's December 27, 2016 request to schedule a settlement hearing.  PFR File, Tab 6.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          /s/ for
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.